IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, :
:
Plaintiff :
:
vs. : CIVIL NO. 1:CV-05-1949
:
: (Judge Caldwell)
JEFFREY BEARD, :
:
Defendant :

FILED
HARRISBURG, PA

MAY 19 2006

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

*M E M O R A N D U M*

I.   Introduction.

On September 27, 2005, Plaintiff John Carter, an inmate confined in the Pennsylvania State Correctional Institution at Camp Hill ("SCI-Camp Hill"), filed this civil rights action pursuant to 42 U.S.C. § 1983. The sole named defendant in this action is the Secretary of the Department of Corrections ("DOC"), Jeffrey Beard. Carter claims that his initial and continued placement, as well as the conditions of confinement, in the Special Management Unit ("SMU") violate his Due Process rights. (Doc. 1, Complaint).

Presently pending is defendant's motion to dismiss based on Carter's failure to state a viable claim against Secretary Beard. For the reasons that follow we will grant Defendant Beard's motion to dismiss and give Carter the opportunity to amend his complaint to cure its deficiencies.

II.     *Standard of Review.*

When evaluating a motion to dismiss, the court must accept as true all material allegations of the complaint.  See *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004).

District courts have substantial discretion to allow plaintiffs to amend complaints and should provide leave to amend when it would "cure the deficiency and would not be inequitable." *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002); *see also* Fed. R. Civ. P. 15(a) ("leave [to amend] shall be freely given when justice so requires").  However, the court need not permit it if amendment would result in undue delay or prejudice, or would be futile.  *Grayson*, 293 F.3d at 106; *see also Estelle v. Gamble*, 429 U.S. 97, 107-108 (1976).

III.    *Background.*

Plaintiff alleges that on August 5, 2003, while housed at SCI-Pittsburgh, he was placed in Administrative Custody ("AC") in the institution's Restricted Housing Unit ("RHU") while staff awaited the outcome of their request to transfer him to the SMU at SCI-Greene.  (Doc. 1, Complaint at ¶ 5).  He was transferred from SCI-Pittsburgh to SCI-Greene's SMU on October 3, 2003.  (*Id.* at ¶ 6).  While housed in the SMU at SCI-Greene, Carter was subjected to "extreme isolation," rare non-contact visits, limited access to

legal services, no educational or vocational programming opportunities, no television or radio, limited commissary purchases, and limited retention of legal and religious materials. (*Id.* at ¶ 7). He also claims physical abuse was common, as well as the deprivation meals, recreation and showers. (*Id.*) "Every aspect of the Petitioner's life is controlled by the prison officials." (*Id.*)

Plaintiff claims he was not provided with sufficient notice or an opportunity to challenge his SMU placement. (*Id.* at ¶8). On July 12, 2004, DOC officials transferred Carter from the SMU at SCI-Greene, to the SMU at SCI-Camp Hill, where he remains "under the same segregated confinement conditions as aforementioned." (*Id.* at ¶ 9).

Carter claims his initial placement, and current conditions of confinement in the SMU, violate his Due Process rights. He claims he was not provided sufficient notice, nor an opportunity to be heard as required by DOC Policy 6.5.1 (which addresses the Administration of Security Level 5 Housing Units), or 37 Pa. Code § 93.11(b), prior to his placement in the SMU. (*Id.* at 10 - 13).

Carter sues only Jeffrey Beard, Ph.D, the Secretary of the DOC, in both his individual and official capacities, as "[h]e is legally responsible for the overall operation of the Department

of Corrections and each institution under its jurisdiction, including the SCI at Camp Hill." (*Id.* at ¶¶ 3 - 4). Carter seeks injunctive relief in the form of his release from the SMU and a return to general population status. He also seeks to prevent the DOC from transferring him to another prison where he would be housed in similar conditions as those of the SMU. Finally, Plaintiff seeks monetary relief.

Secretary Beard seeks dismissal of the complaint against him because he is not alleged to have had personal involvement in Carter's placement in the SMU or Plaintiff's current conditions of confinement in SCI-Camp Hill's SMU.

IV.  *Discussion.*

In order to state an actionable civil rights claim under § 1983, a plaintiff must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Groman v. Township of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995); *Shaw by Strain v. Strackhouse*, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Civil rights claims brought cannot be premised on a theory of *respondeat superior*. *Rode v. Dellarciprete*, 845 F.2d

-4-

1195, 1207 (3d Cir. 1988). Rather, Plaintiff must demonstrate each defendant's direct or personal involvement in the incident that gave rise to the constitutional deprivation. *See Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003)(citing *Rode*, 845 F.2d at 1207-08). Each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077 (3d Cir. 1976).

Based on the nature of Carter's allegations against Secretary Beard, it is clear that he is attempting to establish liability against him under a theory of *respondeat superior*. The complaint contains no factual averments showing that the Defendant had any personal knowledge, participation, or acquiescence in any constitutional misconduct. When confronted with this challenge to his claim, Carter, in his opposition brief, suggests that "Secretary Beard's department had a set of written procedures in place (Department Policy 6.5.1), that these procedures were the moving force of the constitutional violation, and that Secretary Beard is the policy-making official." (Doc. 17-1, Brief in Response to Defendant Beard's "Motion to Dismiss the Complaint" at p. 6). Based on these allegations, Carter fails allege any facts which could establish that Secretary Beard was personally involved

in the alleged violation of his Due Process rights. As Plaintiff is attempting to establish liability against Secretary Beard solely on the basis of his supervisory capacity, the complaint is subject to dismissal under the standards developed in *Rode*.

It may be, however, that Carter can allege a viable Due Process claim against others who were personally involved in his placement in the SMU program and are responsible for his conditions of confinement. Accordingly, Carter will be granted leave to do so. Carter is cautioned that if he chooses to file an amended complaint, naming new defendants, he must be mindful of the personal-involvement requirement. Plaintiff should be specific as to the date, time and description of relevant factual events which demonstrate each defendants alleged violation of his Due Process rights.

Carter will be granted thirty days to submit an amended complaint. Plaintiff is advised the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an amended complaint will result in the dismissal of this action for failure to state a claim.

      We will issue an appropriate order.

                          <u>/s/William W. Caldwell</u>
                          William W. Caldwell
                          United States District Judge

Date: May 19, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN CARTER, :
:
    Plaintiff :
: CIVIL NO. 1:CV-05-1949
vs. :
: (Judge Caldwell)
JEFFREY BEARD, :
:
    Defendant :

FILED
HARRISBURG, PA
MAY 19 2006
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

O R D E R

AND NOW, this 19th day of May, 2006, for the reasons set forth in the accompanying memorandum, it is ordered that:

1. Defendant Beard's Motion to Dismiss (Doc. 10) is GRANTED.

2. Within thirty (30) days of the date of this Order, Carter may file an Amended Complaint setting forth his Due Process claim against those personally responsible or involved in the alleged wrongdoing.

3. The Court Clerk is directed to enclose with this Order two copies of this Court's form civil-rights complaint which Carter should use in preparing his Amended Complaint.

4. Failure to file an Amended Complaint in accordance with this Order will result in the dismissal of this action for failure to state a claim.

/s/William W. Caldwell
William W. Caldwell
United States District Judge